UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FLAVIO TAMEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-83 |
| | § | |
| UNITED STATES OF AMERICA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING THE UNITED STATES' MOTIONS
TO DISMISS, DISMISSING REMAINING CLAIMS,
AND DENYING PLAINTIFF'S MOTION TO AMEND**

Plaintiff Flavio Tamez is a federal prisoner appearing *pro se* and *in forma pauperis*. In this civil action, Plaintiff seeks the return of approximately 30 pieces of gold jewelry that he claims were seized by Immigration and Customs Enforcement (ICE) agents. Pending before the Court are a Motion to Dismiss (D.E. 19) and an Amended Motion to Dismiss (D.E. 33) filed by the United States of America. Also pending is Plaintiff's Motion for Leave to File Second Amended Complaint. (D.E. 44).

For the reasons stated herein, the Court **GRANTS** the United States' motion and amended motion to dismiss. (D.E. 19, 33). Further, Plaintiff's claims against the United States and all named individual defendants under *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and claims against the United States under the Administrative Procedure Act ("APA"), 5 U.S.C § 702, are **DISMISSED**

pursuant to 28 U.S.C. § 1915(e)(2)(B). Lastly, Plaintiff's motion to amend (D.E. 44) is **DENIED**.

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been reassigned to the undersigned magistrate judge on the consent of the parties pursuant to 28 U.S.C. § 636. (D.E. 7, 10, 43).

## II.   BACKGROUND

On April 8, 2012, Plaintiff was arrested on a warrant resulting from an indictment returned on May 23, 2012, charging him with Conspiracy to Possess with the Intent to Distribute More than 1000 Kilograms of Marijuana. (*United States v. Tamez*, Criminal No. 2:12-CR-418 (*United States v. Tamez*), D.E. 10). On July 25, 2012, a superseding indictment was returned, adding a charge of Money Laundering against Plaintiff. (*Id.*, D.E. 211).

On October 4, 2012, Plaintiff pled guilty to conspiracy with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One) and money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(a)(2) (Count Six). (*Id.*, D.E. 387). On March 31, 2013, Plaintiff was sentenced by United States District Judge Nelva Gonzales Ramos to 324 months in prison. (*Id.*, D.E. 657).

On February 1, 2018, Plaintiff filed in his criminal case a Motion to Return Personal Property. (*Id.*, D.E. 963). Plaintiff seeks the return of approximately 30 pieces

of gold jewelry that he claims were seized by ICE agents executing a search warrant on June 7, 2012, on Plaintiff's Compass Bank safety deposit box.

On February 5, 2018, District Judge Nelva Gonzalez Ramos ordered the United States to respond to Plaintiff's motion. (*Id.*, D.E. 965). The government acknowledged in its response that, following Plaintiff's arrest, federal agents executed a search warrant for his Compass Bank safety deposit box and seized 30 pieces of jewelry, along with $213,259.24 in cash. (*Id.*, D.E. 969, pp. 1-2). Agents immediately commenced administrative forfeiture proceedings. According to the United States, Homeland Security Investigations (HSI) agents published notice in the McAllen Monitor Newspaper on July 29, 2012, August 5, 2012, and August 12, 2012. (*Id.*, D.E. 969-1, p. 1). HSI agents also provided notice on June 20, 2012, via certified mail at Plaintiff's and his wife's residence at 6557 FM 1430, Rio Grande City, Texas, 78582. (*Id.*, D.E. 969-1, pp. 2-5). Plaintiff's property was administratively and finally forfeited by HSI on August 19, 2012 and sold at auction on June 6, 2013. ((*Id.*, D.E. 969-1, pp. 1, 10). The United States asserts, therefore, that it is no longer in possession of any property listed in Plaintiff's motion. (*Id.*, D.E. 969, p. 2).

In his reply, Plaintiff contended that the United States' notice was "grossly insufficient" because: (1) the government should have known that Plaintiff was in custody and not living with his wife at the time the notice was sent; (2) the government did not acknowledge that it sent notice to his wife, whose name was also on the safety deposit box; and (3) the government's three postings in the newspaper was not sufficient to meet the "30 consecutive days" requirement under the applicable public notice statute.

(*Id.*, D.E. 971, pp. 2-3).  Because the United States no longer has possession of the subject property, Plaintiff argued that he "should be allowed to submit an amended complaint under *Bivens*, the FTCA,[1] CAFRA,[2] or any other appropriate cause of action, so as to recoup the value of the property" taken by the United States' agents.  ((*Id.*, D.E. 971, p. 3).  Along with his reply, Plaintiff filed a motion asking the Court set aside the administrative forfeiture.  (*Id.*, D.E. 973).

After considering the pleadings filed in the criminal action, United States District Judge Ramos entered an Order to Realign the Parties and for Compliance with the PLRA. (*Id.*, D.E. 981).  Judge Ramos directed the Clerk to sever Plaintiff's motions for return of property and to set aside forfeiture from the criminal case and open a civil action with the parties realigned.  Plaintiff subsequently complied with the Court's direction and applied to proceed *in forma pauperis*, which was granted by the undersigned.  (D.E. 3, 5, 6, 8).

On April 5, 2018, Plaintiff consented to proceed before a magistrate judge.  (D.E. 7).  On April 11, 2018, Judge Ramos reassigned the case to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995). (D.E. 10).  The defendants filed a consent form on October 2, 2018.  (D.E. 43).

On April 23, 2018, the undersigned terminated Plaintiff's motion for return of property (D.E. 1) and motion to set aside forfeiture (D.E. 2) insofar as they purported to be motions.  (D.E. 14).  On April 23, 2018, the undersigned also ordered service of these pleadings on the Government.  (D.E. 17).  That same day, the United States filed a

---

[1]  The Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671, *et seq.*

[2] The Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 983(a).

motion to dismiss Plaintiff's lawsuit. (D.E. 19). On May 11, 2018, Plaintiff filed a response to Plaintiff's motion to dismiss. (D.E. 28).

On April 27, 2018, Plaintiff filed a motion seeking leave to amend his complaint. (D.E. 24). Plaintiff did not attach a copy of the proposed amended pleading and instead requested an additional 30 days to prepare it. Plaintiff stated that he seeks to add individual defendants, specifically several government agents who seized the property at issue, as well as additional claims under the FTCA, *Bivens*, and state law. (D.E. 24). The undersigned granted Plaintiff's motion and directed him to file his amended complaint on or before May 21, 2018. (D.E. 26).

On May 23, 2018, Plaintiff filed a motion seeking leave to amend his complaint along with a proposed amended complaint. (D.E. 32). The undersigned granted Plaintiff's motion, and Plaintiff's First Amended Complaint was docketed in this case. (D.E. 34, 35).

In his First Amended Complaint, Plaintiff named the United States and the following individual defendants in their individual and official capacities: (1) Julie Hampton, Assistant United States Attorney; (2) Lisa Lopez, officer with Customs & Border Protection, Department of Homeland Security (CBP-DHS); (3) Grace Reyes, paralegal specialist with the CBP-DHS; (4) Leticia Martinez, paralegal specialist with the CBP-DHS; (5) Sandra Caceras-Navarrete; (6) Alex De Armas, Regional Manager; and (7) John Doe. Plaintiff claims that his property was illegally taken, in violation of state law, the FTCA, and *Bivens*. (D.E. 35, pp. 1, 10).

On June 26, 2018, the United States filed an amended motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  (D.E. 33).  On July 23, 2018, Plaintiff filed his response to the Government's motion.  (D.E. 36).  The United States subsequently filed its reply.  (D.E. 41).  Plaintiff then filed a supplemental notice (D.E. 39) and a sur-reply (D.E. 42).  On October 4, 2018, Plaintiff filed a motion for leave to file a second amended complaint.  (D.E. 44).

## III.  DISCUSSION

### A.  Administrative Forfeiture under CAFRA

As part of the underlying criminal proceeding, Plaintiff moved the Court pursuant to 18 U.S.C. § 983(a) to set aside the administrative forfeiture of his jewelry seized by the United States in June 2012.  (*United States v. Tamez*, Criminal No. 2:12-CR-418, D.E. 973).  When Judge Ramos opened this civil action, Plaintiff's motion to set aside the forfeiture was docketed therein.  (D.E. 2).

The United States sought dismissal of Plaintiff's § 983(a) claim in its first motion to dismiss.  (D.E. 19).  Plaintiff moved to amend his complaint, seeking to add individual defendants as well as additional claims under the FTCA, *Bivens*, and for conversion.  (D.E. 24).  Plaintiff subsequently filed a detailed response to the United States' first motion to dismiss, raising arguments in support of setting aside the administrative forfeiture.  (D.E. 28).

In Plaintiff's second motion to amend complaint, Plaintiff expressed a desire to have his attached First Amended Complaint serve as the operative pleading in this case.  (D.E. 32, p. 1).  Plaintiff's First Amended Complaint, docketed on June 27, 2018, did not

specifically reaffirm his earlier request to set aside the administrative forfeiture pursuant to § 983(a). A review of the First Amended Complaint reveals Plaintiff's general allegations that his property was improperly taken from him. (D.E. 35, p. 9). In his prayer for relief, however, Plaintiff only seeks monetary relief. Thus, it appears that Plaintiff may not seek as a remedy to set aside the administrative forfeiture pursuant to § 983(a).[3] Nevertheless, in an abundance of caution based on a review of all of Plaintiff's submissions, the undersigned will consider Plaintiff's claim pursuant to § 983(a).

### *(1) Applicable Legal Standard*

In its first motion to dismiss, the United States asserts that Plaintiff is barred from contesting the administrative forfeiture of his jewelry by the five-year statute of limitations set forth in § 983(e)(3). (D.E. 19). The United States, however, does not specify whether it seeks dismissal of Plaintiff's § 983(a) claim pursuant to any particular subsection of Federal Rule of Civil Procedure 12(b). In general, a statute-of-limitations defense is properly raised in a Rule 12(b)(6) motion. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983); *Cobar v. Drug Enforcement Admin. Asset Forfeiture Section*, No. 12 Civ. 7415, 2014 WL 1303110, at *6 (S.D. N.Y. Mar. 31, 2014). Accordingly, the undersigned will construe the United States' motion to dismiss as one made under Rule 12(b)(6). *See Newberry v. Champion*, No. 3:16-CV-143, 2017 WL 1074463, at *5 (N.D. Miss. Mar. 17, 2017)

---

[3] As part of his response to the United States' amended motion to dismiss, Plaintiff appears to seek equitable relief under the Administrative Procedure Act ("APA"), 5 U.S.C § 702, with respect to setting aside the administrative forfeiture of his seized jewelry. (D.E. 36, pp. 7, 14). Issues surrounding Plaintiff's request for equitable relief under the APA are discussed herein.

(recognizing that the Court can construe a motion to dismiss as one raised under Rule 12(b)(6)).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). A court ruling on a Rule 12(b)(6) motion may also consider matters of which the court takes proper judicial notice. *See Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a Rule 12(b)(6) motion to dismiss."); *Cinel v. Connick*, 15 F.3d 1338, 1343, n.6 (5th Cir. 1994) ("In deciding a 12(b)(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

## (2)  Applicable Legal Principles

CAFRA sets forth the general rules for civil forfeiture proceedings.  18 U.S.C. § 983.  When CAFRA was enacted in 2000, its statutory provisions became "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5).

Under CAFRA, personal notice must be sent to any person with an interest in the seized property within sixty days of the seizure.  *See Landry v. United States*, 600 F. App'x 216, 219 (5th Cir. 2015) (citing 18 U.S.C. § 983(a)(1)(A)(i)).  "To initiate [a civil non-judicial forfeiture proceeding], the Government must send personal notice to any person with an interest in the seized property and publish notice once a week for three successive weeks in a newspaper generally circulated in the judicial district where the property was seized.  *Id.* at 219-20 (citing 19 U.S.C. § 1607(a)(4) and 28 C.F.R. § 8.9(a)(1)(i), (b)(1)).  Any challenge to an administrative forfeiture must be filed within thirty-five days after the date the personal notice is mailed, or if personal notice is not received, then no later than thirty days after the date of final publication of notice of seizure.  *Id.* at 220 (citing 18 U.S.C. § 983(a)(2)(B)).

Failure to timely file a claim results in the property being administratively forfeited.  *See* 19 U.S.C. § 1609.  Conversely, "[i]f a claim is filed, the administrative forfeiture proceedings are cancelled and referred to the United States Attorney's Office for initiation of judicial forfeiture proceedings."  *Conard v. United States*, 470 F. App'x 336, 338 (5th Cir. 2012).  "Once an administrative forfeiture is complete, the district

court may review only "whether the forfeiture comported with constitutional due process guarantees." *Id.* (citations and internal quotations omitted).

CAFRA further authorizes an interested party a mechanism to challenge the seizure of property after a forfeiture proceeding has been completed. Specifically, the statute provides in pertinent part:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if:
>
> (A) the Government knew, or reasonably should have known of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1).

### (3) Does CAFRA Apply to this Case?

The United States asserts that the exclusive remedy for challenging an administrative forfeiture of property is 18 U.S.C. § 983(e). (D.E. 19). Citing an unpublished decision in *United States v. Bacon*, 546 F. App'x 496 (5th Cir. 2013),[4] however, Plaintiff suggests "that the applicability of § 983, and CAFRA in general, is in any event debatable" in this case. (D.E. 28, p. 12).

---

[4] "An unpublished decision issued after January 1, 1996 is not controlling precedent but may be persuasive authority" for courts presiding within the Fifth Circuit. *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4).

In *Bacon*, Welles D. Bacon moved for the return of seized property pursuant to §

983. *Bacon*, 546 F. App'x at 498. The forfeiture notice mailed to Bacon stated that the

U.S. Customs and Border Patrol (CBP) "will seek to forfeit [Bacon's] property by

administrative action in accordance with section 607, Tariff Act of 1930, as amended (19

U.S.C. [§] 1607)." *Id.* at 499. Section 983(i)(2)(A) specifically provides that § 983 does

not apply to "the Tariff Act of 1930 or any other provision of the law codified in Title

19." 18 U.S.C. § 983(i)(2)(A). Relying on this "clear statutory language" of this

subsection, the Fifth Circuit concluded that § 983 was "inapplicable to Bacon's claim."

*Bacon*, 546 F. App'x at 498-99.

In this case, the applicable forfeiture notice regarding the seizure of Plaintiff's

jewelry provides as follows:

> In accordance with the provisions of title 19, United States Code, section
> 1608 and 1610 and title 19, Code of Federal Regulations, part 162.45, the
> following described property is hereby declared forfeited for violation of
> the following:
>
> 18 U.S.C 1956 &18 USC 1957 for violation of 18 USC 981[.]

(*United States v. Tamez*, D.E. 969, p. 1 (emphasis in original)). This forfeiture notice,

therefore, references statutes in both Title 18 and Title 19.

In a published decision decided after *Bacon*, the Fifth Circuit recognized that the

provisions set forth in 19 U.S.C. §§ 1602-1621 are procedural in nature. *Vasquez v.*

*United States Drug Enforcement Admin.*, 823 F.3d 280, 281 (5th Cir. 2016). Because

Plaintiff's forfeiture notice refers to § 981 of Title 18 as well as other criminal statutes,

the reference to the <u>Title 19</u> procedural guidelines in the forfeiture notice does not operate

to vest statutory authority for the proceedings solely in <u>Title 19</u>. Rather than through the procedural guidelines identified in the Title 19 statutes, the forfeiture of Plaintiff's jewelry was authorized under § 981 of Title 18. *See* 18 U.S.C. § 981(a)(1) (providing that the federal forfeiture laws make the proceeds or property involved in the proceeds of certain specified unlawful activity subject to forfeiture). The undersigned concludes, therefore, that CAFRA applies to this case because the administrative forfeiture proceeding did not arise pursuant to a "provision of law codified in <u>title 19</u>." *See Can v. United States Drug Enforcement Agency*, 764 F. Supp. 2d 519, 520 n.1 (W.D. N.Y. Jan. 21, 2011) (concluding that there was "no support for the proposition that the Government's mere use of <u>Title 19</u> procedural guidelines for a forfeiture proceeding authorized by another title somehow vests statutory authority for the proceedings solely in <u>Title 19</u>").[5]

### (4) Statute of Limitations

CAFRA provides in pertinent part that "[a] motion to set aside the declaration of forfeiture must be filed no later than five years after the date of final publication of notice of seizure." *Landry*, 600 F. App'x at 220 (citing 18 U.S.C. § 983(e)(3)). The United States contends, therefore, that Plaintiff is barred from contesting the administrative forfeiture of his jewelry by the five-year limitation period in § 983(e)(3) as the property was seized in June 2012 and the last day of publication of notice of the seizure was August 18, 2012. (D.E. 19).

---

[5] In two recent decisions, the Fifth Circuit stated that the forfeiture proceedings were governed by CAFRA despite expressly referring to certain procedural guidelines set forth in 19 U.S.C. §§ 1602-1621. *Conard*, 470 F. Appx. at 338; *United States v. Foster*, 635 F. Appx. 818, 820 (5th Cir. 2015).

Plaintiff's jewelry, consisting of 30 gold pieces, was seized by ICE agents in June 2012, and the last day of publication of the notice of seizure occurred on August 12, 2012. (*United States v. Tamez*, D.E. 969-1, pp. 1-2). Plaintiff then initiated the instant action more than five years later on February 1, 2018, when he filed his motion for return of property in the underlying criminal case. (*Id.*, D.E. 963). Unless Plaintiff can establish that the five-year limitations should be tolled in some manner, his challenge pursuant to § 983 of CAFRA is statutorily barred.

Plaintiff asserts that the principles of equitable tolling should be considered in this case to the extent that his claim under § 983 be considered timely. (D.E. 28, p. 17). Plaintiff states that he first learned about the administrative forfeiture of his jewelry when the Government filed its response in February 2018 in the criminal proceeding to his Rule 41(g) motion seeking return of his property. (D.E. 28, pp. 5, 17-18). Plaintiff argues that the Government failed to provide him with notice of the administrative forfeiture in the summer of 2012 as the notice was mailed to the street address where his "then-wife" resided instead of to his address at the jail. (D.E. 28, pp. 6-7). Plaintiff, contends, therefore, that the Government and its agents acted in bad faith in withholding the written notice from him, thereby resulting in the deprivation of Plaintiff's "constitutionally-protected rights to ownership of property and due process of law." (D.E. 28, pp. 7, 10). Lastly, Plaintiff argues that he has pursued his rights diligently with respect to appealing his criminal conviction in various ways over the years. (D.E. 28, p. 17).

At the outset, it is unclear whether the Fifth Circuit even recognizes that equitable tolling applies in connection with the limitations period set forth in § 983(e)(3). In

*Landry*, the Fifth Circuit concluded that the federal prisoner's challenge to the 2006 administrative forfeiture of his property was time barred by the running of the five-year statute of limitations contained in § 983(e)(3). *Landry*, 600 F. App'x at 220. In a footnote, the *Landry* court considered the prisoner's equitable tolling argument but held they were without merit. *Id.* at 220 n. 4.

Following *Landry,* the Fifth Circuit in *Vasquez* likewise affirmed the district court's decision that federal prisoner's action was untimely pursuant to § 983(e)(3). *Vasquez*, 823 F.3d at 282. The Fifth Circuit went on, however, to state that "[w]e need not decide whether equitable tolling applies to a statute such as 18 U.S.C. § 983(e) that itself seems designed to cut off rights in full after a lengthy period of time for a person who failed to receive the requisite statutory notice." *Vasquez*, 823 F.3d at 282. The *Vasquez* court nevertheless noted that the federal prisoner had failed to act with diligence in pursuing his rights. *Id.*

While the *Vasquez* court suggests that principles of equitable tolling may not apply with respect to the lengthy five-year limitations period set forth in § 983(e)(3), the undersigned nevertheless will consider whether the limitations period should be equitably tolled in the instant case. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Even accepting Plaintiff's allegations in his First Amended Complaint as true, Plaintiff alleges nothing to suggest that he pursued his rights diligently in seeking return

of his seized property or setting aside the administrative forfeiture. He further has failed to allege any extraordinary circumstances that prevented him from timely seeking to set aside the forfeiture.

Plaintiff's alleges in his First Amended Complaint that, through the information provided in his Pre-Sentence Report, he first became aware of the seizure of his jewelry during the pendency of his federal criminal case at some point between his re-arraignment on October 4, 2012 and his sentencing on March 28, 2013. (D.E. 35, pp. 7-8) The seizure of Plaintiff's jewelry was further mentioned at Plaintiff's sentencing hearing. (D.E. 754, Sentencing Transcript, p. 70).[6] However, despite knowing about the seizure of his jewelry at an early stage in the five-year limitation period commencing on August 18, 2012, Plaintiff made no inquiries about the jewelry or otherwise attempted to retrieve the property until after the expiration of the five-year limitations period. *See Cobar*, 2014 WL 1303110, at *8 (rejecting plaintiff's contention that the limitations period set forth in § 983(e)(3) should be equitably tolled because he was aware of the seizure of property at the time of his arrest but made no effort to retrieve the property until nearly eight years later).

Plaintiff's allegations primarily point to the fact that he failed to receive notice of the administrative forfeiture. However, even taken as true, such allegations are "not the type of 'extraordinary circumstance' that warrants equitable tolling." *Cobar*, 2014 WL 1303110, at *9 (recognizing that there is no equitable tolling where plaintiff was aware of

---

[6] As Plaintiff's sentencing hearing is a matter of public record, the undersigned takes judicial notice of same and shall consider it in connection with the United States' Rule 12(b)(6) motion to dismiss. *See King v. Nalley*, No. TDC-17-0628, 2017 WL 4221062, at *2 (D. Md. Sep. 21, 2017) (recognizing that a transcript is a court record subject to judicial notice).

seizure even though the Government negligently failed to provide plaintiff with notice of the forfeiture proceeding).  Because Plaintiff's § 983 claim seeking to set aside the administrative forfeiture is barred by the running of the five-year statute of limitations and his arguments for equitable tolling fail, the undersigned **GRANTS** the United States' Rule 12(b)(6) motion to dismiss (D.E. 19).

### B.    FTCA Claim

In his First Amended Complaint, Plaintiff claims that that his jewelry was illegally taken in violation of the FTCA.   (D.E. 35, pp. 1, 10).   Plaintiff alleges that the Government, in its official capacity, is responsible for its agents' improper taking of his jewelry and for failing to provide him with proper notice of the administrative forfeiture.

Pursuant to Rule 12(b)(1), the Government advances three independent reasons as to why this case should be dismissed.  (D.E. 33).  The Government contends that: (1) it is shielded from liability for any FTCA claims by the "custom duty exception" set forth in 28 U.S.C. § 2680(c) (D.E. 33, pp. 5-6); (2) Plaintiff's FTCA claims are time-barred by the applicable two-year statute of limitations (D.E. 33, pp. 6-9); and (3) Plaintiff's FTCA claims are barred by his failure to exhaust administrative remedies in a timely and proper fashion (D.E. 33, pp. 9-11).   In support of its Rule 12(b)(1) motion for dismissal, the United States has attached the following evidence:

Exh. 1 - Plaintiff's Administrative Claim for Damage, Injury or Death, dated March 14, 2018 (D.E. 33-1);

Exh. 2 - CAFRA Seizure Notice dated June 20, 2012 (D.E. 33-2);

Exh. 3 - Declaration of Administrative Forfeiture (D.E. 33-3);

Exh. 4 - Disposition Order, dated June 6, 2013 (D.E. 33-4);

Exh. 5 - Excerpts from Plaintiff's Re-arraignment Transcript, dated October 4, 2012 (D.E. 33-5); and

Exh. 6 - Excerpts from Plaintiff's Sentencing Transcript, dated March 28, 2013 (D.E. 33-6).

As an initial manner, Plaintiff contends that the United States' amended motion to dismiss actually seeks summary judgment under Federal Rule of Civil Procedure 56 and should, therefore, be struck as premature. (D.E. 36, p. 2). Plaintiff nevertheless advances arguments that the Government is not entitled to protection by the "customs duty exception" and that the limitations period for bringing FTCA claims is subject to equitable tolling. (D.E. 36, pp. 5-13). Plaintiff acknowledges, however, that he recently filed an FTCA administrative claim on March 14, 2018 and that such administrative claim was pending at the time he filed his First Amended Complaint. (D.E. 36, pp. 13-14).

Before considering the substance of any claim, the threshold question is determining whether the court possesses jurisdiction over the claim. Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1887 (2d Cir. 1996)). Without jurisdiction conferred by any federal statute or the Constitution, federal courts lack the power to adjudicate claims. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Once the subject matter jurisdiction has been challenged, the party asserting jurisdiction retains the burden of proof that jurisdiction truly does exist. *Id*.

"The FTCA confers on federal courts exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment." *Esquivel-Solis v. United States*, 472 F. App'x 338, 339 (5th Cir. 2012) (citing 28 U.S.C. § 1346(b)(1)). "FTCA claims may be brought against only the United States, and not the agencies or employees of the United States." *Id*. (citing 28 U.S.C. §§ 2671, 2679 and *Galvin v. OSHA,* 860 F.2d 181, 183 (5th Cir. 1988)).

However, a plaintiff is limited in his ability to bring an FTCA claim against the United States by the following exhaustion of remedies provision:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his [or her] office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his [or her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "This 'requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA' and cannot be waived. *Garcia v. United States*, No. 4-16-CV-11, 2016 WL 1638779, at *3 (S.D. Tex. Apr. 25, 2016) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981)). If a plaintiff fails to exhaust his or her remedies by obtaining a final agency denial as required by § 2675(a), the federal district courts lack subject matter jurisdiction over the claim and must dismiss the claim as premature. *See Price v. United States,* 69 F.3d 46, 54 (5th Cir. 1995); *Gregory*, 634 F.2d at 204.

Section 2675(a) provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). If a plaintiff "untimely" files suit "before the expiration of the six-month waiting period," however, the FTCA action "cannot become timely by the passage of time after the complaint is filed." *Price,* 69 F.3d at 54 (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). A plaintiff, therefore, cannot commence a lawsuit under the FTCA "unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months." *Id.* (citing 28 U.S.C. § 2675(a)).

In this case, it is undisputed that Plaintiff filed his administrative FTCA claim on March 14, 2018. Plaintiff then brought his FTCA claim against the United States on May 23, 2018 when he filed attached his First Amended Complaint to his motion seeking leave to amend his complaint. (D.E. 32). Plaintiff did not receive a response to his FTCA administrative claim before filing his FTCA claim in this case. In addition,

Plaintiff filed his First Amended Complaint before the expiration of the six-month waiting period. Insofar as Plaintiff contends that his FTCA claim should be dismissed because the six-month period has recently passed, such contention has no merit because § 2675(a) "requires that jurisdiction must exist at the time the complaint is filed." *Gregory*, 634 F.2d at 204.

Accordingly, Plaintiff's FTCA claim are **DISMISSED** for lack of subject matter jurisdiction. Because Plaintiff has failed to satisfy the jurisdictional prerequisite of exhausting his available administrative remedies, it is unnecessary and perhaps premature to consider the United States' alternative grounds for seeking dismissal of his FTCA claims.

### C. Additional Claims

#### (1) *Bivens* Claim

Although somewhat unclear, Plaintiff appears to raise *Bivens* claims against the United States in his First Amended Complaint. (D.E. 35, p. 10).[7] "A *Bivens* action is the counterpart to a § 1983 civil rights action and extends to parties injured by federal actors the protections afforded under § 1983 to parties injured by state actors." *Grainger v. Federal Bureau of Prisons*, No. C-08-387, 2009 WL 47127, at *2 (S.D. Tex. Jan. 6, 2009) (citing *Carlson v. Green*, 446 U.S. 14, 18 (1980)). A *Bivens* action, however, only provides a remedy against federal government officials acting in their individual capacities and does not provide a cause of action against the United States. *See FDIC v.*

---

[7] In his First Amended Complaint, Plaintiff raises *Bivens* and state law claims against several federal officials. By separate order, the undersigned will order service of process on these individuals.

*Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995).

Additionally, to the extent Plaintiff is raising a *Bivens* action based on the actions of any of the named defendants or other federal actors, such claims are unavailable to Plaintiff. "Since *Bivens,* the Supreme Court has repeatedly rejected extending *Bivens* remedies to other constitutional claims." *Rankin v. United States,* 556 F. App'x 305, 311 (5th Cir. 2014) (citing *Wilkie v. Robbins*, 551 U.S. 537, 549 (2007)). In *Rankin,* the plaintiff filed a *Bivens* action complaining his constitutional rights were violated when federal agents allegedly exceeded the scope of a search warrant in seizing certain property. *Id.* The property was subject to administrative forfeiture proceedings and was subsequently destroyed. The Fifth Circuit held, "[b]ecause CAFRA provides a comprehensive scheme for protecting property interests, no *Bivens* claim is available." *Id.* (citing *Bush v. Lucas*, 462 U.S. 367, 385–89 (1983) and *Schweiker v. Chilicky*, 487 U.S. 412, 424–27 (1988)).

Neither the United States nor any individual defendant moved to dismiss Plaintiff's *Bivens* claims. Section 1915(e)(2)(B) nevertheless mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." 28 U.S.C. 1915(e)(2)(B). Accordingly, the undersigned finds no *Bivens* claim is available to Plaintiff. Therefore, Plaintiff's *Bivens* claims against the United States and all individual defendants are **DISMISSED** pursuant to § 1915(e)(2)(B).

### (2) APA Claim

Plaintiff also appears to raise a Fifth Amendment due process claim against the United States under the Administrative Procedure Act ("APA"), 5 U.S.C § 702. While generally referring to due process and federal common law claims in his First Amended Complaint, Plaintiff enumerates this claim in his response to the United States' amended motion to dismiss. (D.E. 36, pp. 7, 14). Plaintiff specifically asserts a "Fifth [A]mendment equitable claim under the" APA based on his allegations that ICE officials illegally seized his property and then withheld the notice of administrative seizure. (D.E. 35, p. 10; D.E. 36, pp. 7, 14).

Plaintiff chiefly relies on *Polanco v. United States Drug Enforcement Admin.*, 158 F.3d 647 (2d. Cir. 1998) as support for his APA claim seeking equitable relief. In *Polanco*, the plaintiff claimed that the government violated his due process rights under the Fifth Amendment by failing to notify him that it intended to forfeit property seized from him consisting of $6,920 in United States currency. *Id.* at 649. The Second Circuit ultimately allowed the plaintiff to bring a cause of action for equitable relief. *Id.* at 651-52. Even though the plaintiff sought money from the government, the Second Circuit determined that his claim against the Drug Enforcement Agency (DEA) was not barred by the doctrine of sovereign immunity because the remedy he sought involved the correction of a procedural deficiency by: (1) vacating the administrative forfeiture; and (2) requiring the DEA to either return his property to him or begin a new forfeiture proceeding that complied with both agency procedure and the due process. *Id.* at 652.

The *Polanco* court recognized that the plaintiff's cause of action against a governmental agency fell under § 702 of the APA in that he only sought equitable relief. *Id.* Indeed, the APA waives sovereign immunity in an action seeking equitable relief from wrongful agency action, except where (i) the action also seeks monetary relief; (ii) there is an adequate remedy at law; or (iii) the action is precluded from judicial review by statute or committed by law to agency discretion. *See* 5 U.S.C. §§ 701 & 702.

Contrary to the plaintiff in *Polanco*, Plaintiff does not exclusively seek equitable relief in his First Amended Complaint. His amended complaint primarily seeks monetary damages. Furthermore, the only equitable relief available to Plaintiff in seeking to set aside the administrative forfeiture arises under, which became effective after the Second Circuit issued its decision in *Polanco*. CAFRA, as discussed above, expressly provides the "exclusive remedy for seeking to set aside a declaration of forfeiture ...." 18 U.S.C. § 983(e). *See also Hayes v. United States*, No. 08 Civ. 6525, 2009 WL 1856789, at *9 (S.D. N.Y. Feb. 18, 2009) ("Continued recognition of the equitable action recognized in *Polanco* would violate subsection 983(e)'s express role as the exclusive remedy for challenges based on lack of notice."). Because an adequate equitable remedy exists solely under CAFRA, Plaintiff cannot prevail on his Fifth Amendment claim for equitable relief brought against the United States or one of its agencies pursuant to the APA. Accordingly, to the extent Plaintiff has raised an equitable due process claim under the APA, such claim against the United States is **DISMISSED** pursuant to § 1915(e)(2)(B).

## IV. PLAINTIFF'S MOTION TO AMEND

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). A federal court has discretion to deny a motion to amend when that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). "An amendment is futile if it would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Plaintiff states in his motion to amend that he submitted a Standard Form 95[8] to the United States on March 14, 2018 and that six months have passed without the claim being acted upon. The implication being that Plaintiff believes he has met the FTCA exhaustion prerequisite by exhausting his administratively remedies. In *McNeil v. United States*, 508 U.S. 106 (1993), the Court held that the FTCA requirement that administrative remedies be exhausted before filing suit was not satisfied by agency rejecting the claim after the suit was filed. *Id.* at 113. Exhaustion is a prerequisite to filing suit and jurisdiction must exist at the time the complaint is filed. *Gregory*, 634 F.2d at 204. Plaintiff did not exhaust his administrative remedies before filing suit, therefore his proposed amended complaint would not alter the analysis that his FTCA

---

[8] A Standard Form 95 is the form used to present claims under the Federal Tort Claims Act.

claim be dismissed. Plaintiff's motion to amend is **DENIED** because his proposed amendments would be futile.

## V. CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss (D.E. 19) is **GRANTED** and Plaintiff's § 983 claim under CAFRA is **DISMISSED with prejudice**. Further, the United States' Amended Motion to Dismiss under Rule 12(b)(1) (D.E. 33) is **GRANTED** and Plaintiff's FTCA claim is **DISMISSED** for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust his administrative remedy prior to filing his First Amended Complaint. Further, Plaintiff's *Bivens* claims against the United States and the individual defendants and his APA claims against the United States are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). Lastly, Plaintiff's motion to amend (D.E. 44) is **DENIED**.

ORDERED this 10th day of October 2018.

Jason B. Libby
United States Magistrate Judge